SUMMARY ORDER
Petitioner Yun Mei Chen, through counsel, petitions for review of an order of the BIA affirming the decision of an Immigration Judge (“IJ”) ordering her removal to China and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the facts and procedural history of the case.
We review an IJ’s factual findings under the substantial evidence standard. “[A] finding will stand if it is supported by ‘reasonable, substantial, and probative’ evidence in the record when considered as a whole.” Secaida-Rosales, 331 F.3d 297, 307 (2d Cir.2003) (quoting Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he or she is a refugee by “establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well founded fear of persecution on account of’ one of five enumerated grounds: “race, religion, nationality, membership in a particular social group, or political opinion.” 8 U.S.C. § 1101(a)(42); see Liao v. United States Dep’t of Justice, 293 F.3d 61, 66 (2d Cir.2002).
The IJ’s adverse credibility determination was supported by substantial evidence. The IJ properly determined that Chen’s testimony was inconsistent with her two prior asylum applications, and that those applications were also inconsistent with each other. Chen’s explanations for these inconsistencies were that: (1) the immigration official preparing her initial application coerced her into lying; and (2) she did not know until February 2002, when she was represented by new counsel, that she was obligated to tell the truth to immigration officials. There was substantial evidence supporting the IJ’s rejection of these explanations.
Chen’s contention that her testimony has been consistent and credible since retaining counsel is belied by the record. Chen was represented by counsel beginning, at the latest, in March 1997, when she conceded removability. Since then, she has had various attorneys, all of whom could have submitted a revised asylum application with the allegedly truthful version of the events. Indeed, Chen’s 1998 amended statement in support of her asylum application, which was prepared with the assistance of counsel, directly contradicted her later testimony, in that it asserted that she had undergone an abortion and sterilization on March 26, 1987, after returning from hiding in the sixth month of pregnancy. See JA at 199-200. Further, the amended statement was inconsistent with the subsequent application as to the date she had left China. See id.
Chen also argues that the IJ improperly relied on Chen’s previous applications be *445 cause they were prepared upon Chen’s arrival in the United States, while she was fleeing persecution. Chen has pointed to no legal basis for the proposition that an IJ cannot rely on any false statement made to officials by a refugee fleeing persecution. We have held that IJ’s may rely on statements given to immigration officials, including information provided at airport interviews, when evaluating an applicant’s credibility. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 396 (2d Cir.2005) (“an IJ is not precluded from relying on an alien’s testimony in an airport interview”) (citing Ramsameachire, 357 F.3d at 180). In Yun-Zui Guan, we held that where a petitioner presents “two distinct, non-overlapping accounts of persecution,” at different times the IJ can, and must, “rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.” Id. at 398. Here, the striking inconsistencies among the information given in Chen’s asylum applications, interviews, and testimony constituted substantial evidence that her claim of persecution was not credible.
Because the only evidence of a threat to Chen’s life or freedom depended upon her credibility, the adverse credibility determination in this case precludes success on the claim for withholding of removal. See Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Finally, Chen has waived any objection to the CAT determination by failing to mention it in her brief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).
For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).